WILLIAM C. PERKINS, Administrator Division of Housing Departmentof Local Affairs and Development
You have requested my advice on the question of whether "the rental of a residential dwelling by an absentee owner constitutes a `business' within the meaning of s. 32.19(2)(d)," Stats.
It is clear from your letter that you consider the owner of a large apartment complex as engaged in "business," but you question whether the owner of one (or a few) rental units is engaged in "business."
Your concern is prompted by sec. 32.19(4m), Stats., which provides for a relocation payment of up to $50,000 to any displaced person who is displaced from any business which the person has owned.
Section 32.19(2)(d), Stats., defines "business," in part, as:
[A] ny lawful activity . . . conducted primarily:
 1. For the purchase, sale, lease or rental of
personal and real property, and for the manufacture, processing, or marketing of products, commodities, or any other personal property;
2. For the sale of services to the public;
Section 32.19(2)(c), Stats., defines "displaced person" in part as "any person who moves . . . as the result of the acquisition for public purposes of other real property on which such person conducts a business or, who moves or discontinues his business."
It appears from the language of sec. 32.19(2)(d), Stats., that the rental of real property is a "business." It also appears that, under sec. *Page 12 32.19(2)(c), Stats., if the rental property is acquired, the owner of the (rental) business is a displacee.
Section 32.19(4m), Stats. (1977), provides, in part:
 In addition to amounts otherwise authorized by this chapter, the condemnor shall make a payment, not to exceed $50,000, to any displaced person who is displaced from any business . . . which the person has owned for not less than 180 days prior to the initiation of negotiations for the acquisition of the real property on which the business . . . operation lies.
There is no language in the above-quoted statutes which would indicate that the Legislature intended to discriminate between a large rental business and a small rental business. Apparently, the adjustment contemplated by the Legislature, between the large and the small landlord, is found in the language of sec. 32.19
(4m), Stats., which provides for a "payment, not to exceed $50,000." Thus, the distinction between the large business and the small business is made in the amount of the relocation payment and eligibility is not, and cannot be, based on the size of the rental business.
An exception to the above would be the situation where an owner, temporarily absent, rents his home. This exception is based on the word "primarily" used in sec. 32.19(2)(d), Stats. In the described situation, the "lawful activity," i.e., the ownership of the property, is not "conducted primarily" for the purposes of rental.
You have also inquired whether to adopt the following criteria or tests in determining if an activity can or should be considered as a business:
Did the business:
 — have average annual gross receipts of at least $2,000, or
 — have average annual net earnings of at least $1,000, or
 — contribute at least 33 1/3% of the operator's total income.
 One of the purposes of this criteria is to help differentiate between a hobby (for example) and a bona fide business operation.
 Would this criteria, in your opinion, be considered a fair and equitable method in making a determination of whether or not an activity is, in fact, a business for relocation purposes? *Page 13 
The answer to your second question is, no.
"Business" is not clearly defined in the Relocation Act by reference to income. Unfortunately, the statutory definition of "business" creates more ambiguity than clarity. But it appears from sec. 32.19(2)(d), Stats., that the "lawful activity" must be engaged in primarily for the purposes set forth in thestatute. In other words, if a displacee primarily engages in clock repairing, for recreation (hobby), he is not engaged in a business. However, if the displacee is engaged in home clock repairing, "primarily" for the "sale of such services to the public," he is engaged in a business. In my opinion, it is a question of the owners (displacees) reasons for his or her activity which can only be resolved on a case-by-case basis. In making a decision, such factors as the financial circumstances of the owner and the extent of his or her time and household space devoted to the activity would be relevant. For example, if the displacee needed to engage in such activity to meet living expenses, it could be assumed that such activity was engaged in primarily for sale to the public and, thus, a business.
The legislative intent behind the Relocation Act is described in sec. 32.19(1), Stats., as being in the public interest "that persons displaced by any public project be fairly compensated."
The intent of the Legislature is the basis on which the Relocation Act must be construed and administered. Thus, when dealing with a home-business under the Relocation Act, the primary source of compensation, in most instances, would be based on the provisions of sec. 32.19(4), "REPLACEMENT HOUSING." The fact that the displacee operates a business out of his or her home does not automatically entitle him to double compensation. In my opinion, it would only be in those instances where replacement housing benefits are insufficient to fairly duplicate a comparable home-business property that additional benefits would be payable under sec. 32.19(4m), Stats.
The Relocation Act is, admittedly, a difficult law to administer because of its ambiguity.
Therefore, in the administration of the Act you must, in many instances, be guided by the legislative purpose of fairness andcomparability of replacement. *Page 14 
In conclusion, it is my opinion that the Relocation Act is equally applicable to the small landlord, as well as to the large landlord, operation.
It is also my opinion that it would be improper to define "business" by gross receipts, net earnings, or any other mechanical criteria. While the word "primarily," used in the statutory definition, does indirectly relate to income, its relationship is not to amount but rather to the displacee's reasons for engaging in the activity. In other words, if the displacee is engaged in the activity primarily for the purpose of producing income, regardless of amount, he is operating a business.
BCL:CAB